Brian KNIGHT, Plaintiff–Appellant,

v.

CLIMBING MAGAZINE, 2nd Amended
Complaint, # 55; et al., Defendants–
Appellees.

No. 13–16330.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 21, 2015.*

Filed Aug. 26; 2015.

Brian Knight, Gardnerville, NV, pro se.

Jason P. Klingensmith, Dickinson
Wright PLLC, Detroit, MI, Jodi Donetta
Lowry, Esquire, Dickinson Wright, PLLC
Las Vegas, NV, for Defendants–Appellees.

Before: CLIFTON, N.R. SMITH, and
CHRISTEN, Circuit Judges.

MEMORANDUM **

Brian Knight appeals pro se from the
district court's orders dismissing his action
arising from an allegedly defamatory arti-
cle published about him in Climbing Maga-
zine. We have jurisdiction under 28

U.S.C. § 1291. We review de novo.
*Paulsen v. CNF Inc.*, 559 F.3d 1061, 1072
(9th Cir.2009) (choice of law decisions);
*Berg v. Popham*, 412 F.3d 1122, 1125 (9th
Cir.2005) (dismissal under Fed.R.Civ.P.
12(b)(6) and Fed.R.Civ.P. 12(c)); *Provi-
dence Health Plan v. McDowell*, 385 F.3d
1168, 1171 (9th Cir.2004) (removal orders).
We may affirm on any ground supported
by the record. *Campbell v. Wash. Dep't of
Soc. & Health Servs.*, 671 F.3d 837, 842 n.
4 (9th Cir.2011). We affirm.

At the outset, we note that the parties
dispute the choice of law issue as to the
appropriate statute of limitations for the
defamation and false light claims.[1] How-
ever, even assuming the district court
erred in applying California law as to that
issue, we affirm the district court's orders
dismissing these claims on the merits.
Knight failed to state claims under the
laws of either California or Nevada.[2] *See
Fields v. Legacy Health Sys.*, 413 F.3d
943, 950–51 (9th Cir.2005) (affirming the
district court's ruling because applying ri-
valing states' laws did not alter the conclu-
sion).

Dismissal of Knight's defamation and
false light claims was proper. Knight
failed to allege sufficient facts evidencing
that the allegedly defamatory statements
constituted defamation per se or that he
suffered special damages. *See Burrill v.
Nair*, 217 Cal.App.4th 357, 158 Cal.Rptr.3d
332, 350–51 (2013); *K–Mart Corp. v.*

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

1. Even though Knight challenged the choice
of law with regard to the statute of limitations
for his defamation and false light claims, he
did not specifically challenge the district
court's use of California law with regard to

his claims of public disclosure of private facts
and appropriation of publicity claims. Thus,
those claims are waived. *See Arpin v. Santa
Clara Valley Transp. Agency*, 261 F.3d 912,
919 (9th Cir.2001).

2. Knight also suggests that Colorado has the
most significant contacts with the alleged tor-
tious conduct. However, Colorado only has a
one-year statute of limitation for the defama-
tion and false light claims. *See* Colo.Rev.Stat.
§ 13–80–103(1)(a).

*Washington,* 109 Nev. 1180, 866 P.2d 274, 282 (1993), *receded from on other grounds by Pope v. Motel 6,* 121 Nev. 307, 114 P.3d 277 (2005). Knight failed to show that the alleged defamation and false light claims were based on assertions of fact rather than non-actionable opinions or name-calling. *See Wynn v. Smith,* 117 Nev. 6, 16 P.3d 424, 431 (2001); *Ferlauto v. Hamsher,* 74 Cal.App.4th 1394, 88 Cal.Rptr.2d 843, 851 (1999); *see also Flowers v. Carville,* 310 F.3d 1118, 1127 (9th Cir.2002) (noting "[t]he law provides no redress for harsh name-calling").

The district court properly dismissed Knight's public disclosure of private facts claim, because Knight failed to allege facts that were private in nature. *See Shulman v. Grp. W Prods., Inc.,* 18 Cal.4th 200, 74 Cal.Rptr.2d 843, 955 P.2d 469, 478 (1998); *Montesano v. Donrey Media Grp.,* 99 Nev. 644, 668 P.2d 1081, 1084 (1983).

The district court properly dismissed Knight's appropriation of publicity claim, because Knight failed to allege facts sufficient to show that the article was not newsworthy, given the public nature of the events described in the article and Knight's own references to his "good reputation" and "good standing" in the climbing community. *Dora v. Frontline Video, Inc.,* 15 Cal.App.4th 536, 18 Cal.Rptr.2d 790, 792–93 (1993); *Montesano,* 668 P.2d at 1086–88.

The district court properly dismissed Knight's intentional and negligent infliction of emotional distress claims, because Knight failed to allege facts sufficient to show actual serious emotional distress or physical harm, as required by Nevada law for both torts.[3] *Olivero v. Lowe,* 116 Nev. 395, 995 P.2d 1023, 1025–26 (2000); *Dil-*

---

**3.** The parties do not dispute that Nevada law governs these claims. Nevertheless, California law would not alter the result. *See Wong v.*

*lard Dep't Stores, Inc. v. Beckwith,* 115 Nev. 372, 989 P.2d 882, 886 (1999).

Knight's challenge to the removal of this action to the federal district court fails, because Knight did not timely move to remand. 28 U.S.C. § 1447(c).

We deny Knight's request, set forth in his opening brief, to strike a portion of the district court's December 18, 2012 order.

**AFFIRMED.**

*Tai Jing,* 189 Cal.App.4th 1354, 117 Cal. Rptr.3d 747, 766–69 (2010).